WO                IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

EATON VETERINARY PHARMACEUTICAL )
INC., an Arizona corporation, )
                              )
                    Plaintiff, )
                              )
        vs.                   )
                              )
DIAMONDBACK DRUGS OF DELAWARE )
LLC, a Delaware limited liability company, )
et al.,                       )
                              )    No. 2:14-cv-1208-HRH
                    Defendants. )
_____)

O R D E R

Motion to Dismiss

Defendants move to dismiss plaintiff's complaint.[1]  This motion is opposed.[2]  Oral argument was requested and has been heard.

Background

Plaintiff is Eaton Veterinary Pharmaceutical, Inc.  Defendants are Diamondback Drugs of Delaware, LLC; Diamondback Drugs, LLC; Michael R. Blaire; and Rory J. Albert.  Blaire and

---

[1]Docket No. 26.

[2]Docket No. 31.

Albert are alleged to have founded the two corporate defendants, which are alleged to "own and operate a veterinary pharmacy."[3]

Plaintiff is the owner of U.S. Patent No. 6,930,127.[4] The invention that is patented "comprises the administration of a non-aqueous substance to an animal's affected eye to treat ophthalmic disease, wherein the non-aqueous substance contains a chemical called tacrolimus."[5] Patent '127 contains three method claims.[6] Claim 1 is an independent claim and claims 2 and 3 depend on Claim 1.[7] Claim 1 is

> [a] method of treating pannus in canines having said disease and comprising the steps of:
>
> a) providing a quantity of a composition consisting essentially of an effective amount of tacrolimus in a pharmaceutically acceptable non-aqueous lubricant vehicle; and
>
> b) administering a quantity of said composition to the third eyelid of an affected canine.[8]

---

[3]Complaint at 3, ¶¶ 10-11, Docket No. 1.

[4]Id. at 2, ¶¶ 2-3.

[5]Id. at ¶ 4.

[6]U.S. Patent No. 6,930,127 at col. 4, ll. 44-65, Exhibit A, Complaint, Docket No. 1.

[7]Id.

[8]Id. at ll. 46-58.

Plaintiff alleges that defendants have infringed Patent '127 "under 35 U.S.C. § 271 (b), (c) by inducing [their] customers to use a method that infringes one or more of the claims of the Patent, and by contributing to [their] customers' use of a method that infringes one or more claims of the Patent."[9] Plaintiff alleges that defendants' infringement is "deliberate and willful."[10] Plaintiff alleges that "[o]n July 30, 2013, a cease and desist letter along with a copy of the Patent was sent to Michael R. Blaire, CEO of Diamondback Drugs of Delaware, and Diamondback Drugs."[11] Plaintiff alleges that despite being put on notice on July 30, 2013, that they were infringing Patent '127, defendants "continued to infringe the Patent...."[12]

On June 2, 2014, plaintiff commenced this action in which it asserts a claim for patent infringement and a claim for willful patent infringement.

Pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, defendants now move to dismiss plaintiff's complaint.

## Discussion

"Rule 12(b)(6) authorizes courts to dismiss a complaint for 'failure to state a claim upon which relief can be granted.'" In re Rigel Pharmaceuticals, Inc. Securities Litig., 697 F.3d 869, 875 (9th Cir. 2012) (quoting Fed. R. Civ. P. 12(b)(6)). "To avoid dismissal, the complaint must

---

[9] Complaint at 4, ¶ 17, Docket No. 1.

[10] Id. at ¶ 21.

[11] Id. at 2, ¶ 5.

[12] Id. at 4, ¶ 20.

provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "'[A] plaintiff must 'allege sufficient factual matter ... to state a claim to relief that is plausible on its face.'" OSU Student Alliance v. Ray, 699 F.3d 1053, 1061 (9th Cir. 2012) (quoting Pinnacle Armor, Inc. v. United States, 648 F.3d 708, 721 (9th Cir. 2011)). "In evaluating a Rule 12(b)(6) motion, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the light most favorable to the plaintiff." Adams v. U.S. Forest Srvc., 671 F.3d 1138, 1142-43 (9th Cir. 2012).

Defendants first argue that plaintiff has failed to state a plausible claim for infringement under 35 U.S.C. § 271 because plaintiff has not alleged that a single entity could perform both steps of Claim 1. Section 271(a) "relates to claims of direct infringement, whereas sections (b) and (c) articulate two varieties of indirect infringement: infringement by inducement and contributory infringement, respectively." Nielsen Co. (US), LLC v. comScore, Inc., 819 F. Supp. 2d 589, 593 (E.D. Va. 2011). Plaintiff does not allege that defendants were directly infringing Patent '127. Rather, plaintiff alleges that defendants were inducing their customers to infringe Patent '127 and that defendants were contributing to the infringement of Patent '127 by defendants' customers. "It is axiomatic that '[t]here can be no inducement or contributory infringement without an underlying act of direct infringement.'" In re Bill of Lading Transmission and Processing System Patent Litig., 681 F.3d 1323, 1333 (Fed. Cir. 2012) (quoting Linear Tech. Corp. v. Impala Linear Corp., 379 F.3d 1311, 1326 (Fed. Cir. 2004)). It

is also "axiomatic that a method claim is directly infringed only if each step of the claimed method is performed." Muniauction, Inc. v. Thomson Corp., 532 F.3d 1318, 1328 (Fed. Cir. 2008). Moreover, in order for there to be direct infringement, each step of the method claim must be carried out by "a single person."[13] Limelight Networks, Inc. v. Akamai Technologies, Inc., 134 S. Ct. 2111, 2118 (2014). If "performance of all the claimed steps cannot be attributed to a single person, ... direct infringement never occur[s]." Id.

Defendants argue that plaintiff cannot state plausible infringement by inducement and contributory infringement claims because the steps of Claim 1 of Patent '127 cannot be carried out by the same person or entity, in this case defendants' customers who are veterinarians. Defendants argue that Claim 1 consists of a "providing" step and an "administering" step. But, defendants argue that it is not plausible that their customers would both provide the composition that is to be administered and administer the composition. Rather, defendants contend that they "provide" the composition and their customers "administer" the composition. If both steps cannot be carried out by a single person, then there can be no direct infringement and if there is no direct infringement, there can be no infringement by

---

[13] There is an exception to this rule. Under some circumstances, direct infringement may be found where the actions of multiple parties combine to perform every step of a claimed method. But, "where the actions of multiple parties combine to perform every step of a claimed method, the claim is directly infringed only if one party exercises control or direction over the entire process such that every step is attributable to the controlling party, i.e., the mastermind." Muniauction, 532 F.3d at 1329 (citation omitted). Plaintiff has not alleged that defendants were controlling their customers.

inducement or contributory infringement. Thus, defendants argue that plaintiff has failed to state plausible claims for infringement by inducement and contributory infringement.

This argument fails because contrary to defendants' contention, it is plausible that defendants' customers, who are veterinarians, could perform both the "providing" step and the "administering" step. In Meyer Intellectual Properties Ltd. v. Bodum, Inc., 690 F.3d 1354, 1385 (Fed. Cir. 2012), Meyer alleged "that Bodum infringed two of Meyer's patents, both of which are directed to a method for frothing milk[.]" "Generally speaking, the claims disclose four steps: (1) providing a container that has a height to diameter aspect ratio of 2:1; (2) pouring liquid ( e.g., milk) into the container; (3) introducing a plunger that includes at least a rod and plunger body with a screen; and (4) pumping the plunger to aerate the liquid." Id. at 1359-60. "Bodum argued that it could not be liable for infringement because Meyer did not offer evidence that Bodum itself performed each step of the method and Meyer offered no evidence that its customers did so." Id. at 1363. More specifically, Bodum argued "that it could not be a direct infringer because it only practices the first step of the claim—'providing a container'—and its customers could not be direct infringers because, while they practice each of the other steps, they do not practice the 'providing' step." Id. at 1365. The court construed the term "providing" and concluded

> that nothing in the claim language or the patent specification limits the "providing" step to a specific party. Under Bodum's proffered dictionary definition, it is clear that Bodum "furnishes" or "supplies" the container by manufacturing and selling its milk frothers. It is also clear under that same definition, however, that

-6-

> anyone who takes a Bodum frother from the kitchen cabinet and places it on the counter before filling it with milk can satisfy the "providing" step. That person has undoubtedly made the container available for use and prepared it for frothing. Accordingly, we construe the term "providing" to mean "furnishing, supplying, making available, or preparing" and find that anyone—Bodum or the end user of its products—can satisfy the providing step.

Id. at 1369.

Similarly here, it is plausible that the end-user (the veterinarian) could satisfy the step of "providing" the composition to be administered to a canine if "providing" is given its ordinary meaning of "furnishing" or "supplying." Defendant's argument that only a veterinary pharmacy can "provide" the composition because the "providing" step requires that the composition contain a "pharmaceutically acceptable non-aqueous lubricant vehicle" is unavailing. As plaintiff suggests, it is plausible that this language does not limit the claim.

In their reply brief, defendants offer a new argument as to why plaintiff's complaint should be dismissed. Although "[t]he district court need not consider arguments raised for the first time in a reply brief[,]" Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007), it may, in its discretion, "consider the [new] issue even if it was raised in a reply brief." Glenn K. Jackson, Inc. v. Roe, 273 F.3d 1192, 1202 (9th Cir. 2001). In order for the court to consider an argument raised for the first time in a reply brief, the opposing party must be given an opportunity to respond to the new argument. Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996). In response to an inquiry by the court at oral argument, counsel for plaintiff stated that

he was prepared to address defendant's new contention and did so. Thus, the court will consider defendant's new argument.

Defendants' new argument is that plaintiff has failed to plead adequate factual support for its claims that defendants are inducing infringement and contributing to infringement. Plaintiff's only "factual" allegation as to infringement is that

> [o]n information and belief, Diamondback has committed and/or is continuing to commit acts of infringement of the Patent under 35 U.S.C. § 271(b), (c) by inducing its customers to use a method that infringes one or more claims of the Patent, and by contributing to its customers' use of a method that infringes one or more claims of the Patent.[14]

"Liability for induced or contributory infringement under § 271(b) or (c) requires 'knowledge that the induced acts constitute patent infringement.'" SynQor, Inc. v. Artesyn Technologies, Inc., 709 F.3d 1365, 1379 (Fed. Cir. 2013) (quoting Global–Tech Appliances, Inc. v. SEB S.A., 131 S. Ct. 2060, 2068 (2011)). "This includes, in part, actual 'knowledge of the existence of the patent that is infringed.'" Id. (quoting Global-Tech Appliances, 131 S. Ct. at 2068). "[T]he patentee must show that the accused inducer took an affirmative act to encourage infringement with the knowledge that the induced acts constitute patent infringement." Microsoft Corp. v. DataTern, Inc., 755 F.3d 899, 904 (Fed. Cir. 2014) (quoting Global-Tech Appliances, 131 S. Ct. at 2068). "Absent the knowledge and affirmative act of encouragement, no party could be charged with inducement." Id.

---

[14]Complaint at 4, ¶ 17, Docket No. 1.

Here, although plaintiff has alleged that defendants continued to infringe Patent '127 after being made aware of the patent,[15] plaintiff has not alleged that defendants took any affirmative acts to encourage their customers to infringe Patent '127. Plaintiff has done nothing more than make a conclusory allegation that defendants induced infringement and contributed to their customers' infringement. Plaintiff has alleged no factual support for this conclusory allegation.[16] Plaintiff has not alleged how defendants induced or contributed to the alleged infringement by their customers. Plaintiff has not alleged sufficient factual matter to state plausible claims for relief, and plaintiff's claims are dismissed.

## Conclusion

Defendants' motion to dismiss[17] is granted. Plaintiff's complaint is dismissed. Plaintiff is however given leave to amend. Plaintiff's amended complaint, should plaintiff elect to file one, shall be filed on or before December 9, 2014.

DATED at Anchorage, Alaska, this 18th day of November, 2014.

/s/ H. Russel Holland
United States District Judge

---

[15] Complaint at 4, ¶ 20, Docket No. 1.

[16] Plaintiff's counsel pointed to defendants' advertising during oral argument, but plaintiff's complaint contains no allegations that defendants' advertising instructed defendants' customers on how to infringe plaintiff's patent.

[17] Docket No. 26.